AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

2002 Mercedes Benz G500
License Plate # xxxxxxx
VIN # xxxxxxxxxxxxxxxxx

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**
CASE NUMBER:

(Further described below)

I    Pedro Tavares    being duly sworn depose and say:

I am a(n)   Special Agent with the United States Secret Service   and have reason to believe
(Official Title)
that ☐ on the person of or ☒ on the property or premises known as (name, description and or location)

**The vehicle to be searched is a 2002 silver Mercedes Benz G500 SUV bearing Maryland license plate number xxxxxxx, and registered vehicle identification number of xxxxxxxxxxxxxxxxx.**

concerning a violation of Title  18  United States Code, Section(s) § 1344. The facts to support a finding of Probable Cause are as follows:

**SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN**

Continued on the attached sheet and made a part hereof.    ☒ YES    ☐ NO

DAVID SAYBOLT
Federal Major Crimes Section
(202) 307-6080

Signature of Affiant
Pedro Tavares, Special Agent
United States Secret Service

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

**APPLICATION AND AFFIDAVIT IN SUPPORT OF SEARCH WARRANT FOR:**

**2002 MERCEDES BENZ G500 SPORTS UTILITY VEHILE BEARING THE STATE OF MARYLAND LICENSE PLATE NUMBER xxxxxx, AND REGISTRATION VEHICLE IDENTIFICATION NUMBER xxxxxxxxxxxxxxxxx.**

I, Special Agent Pedro Tavares, being duly sworn, depose and state as follows:

**I.    Introduction**

1.     I am a Special Agent (hereafter "SA") with the United States Secret Service (hereafter "USSS") and have been employed by the USSS since May 29, 2007. I am and have been assigned to the Washington Field Office. Prior to that, I was employed for five years as a United States Probation Officer for the United States District Court for the District of Columbia. I have received formal training in the investigation of financial crimes, including access device fraud, the counterfeiting of United States monetary obligations and securities, and identity theft. I was formally trained as a Criminal Investigator at the Federal Law Enforcement Training Center in Glynco, Georgia, and as a Special Agent at the USSS's James J. Rowley Training Center in Beltsville, Maryland. During my tenure, I have participated in cases involving check fraud, the counterfeiting of United States monetary obligations and securities, access device fraud, identity theft, and bank fraud**.**

2.     The information contained in this affidavit is based on: (1) my personal knowledge and observations made by me during the course of this investigation; (2) information conveyed to me by other law enforcement officials, financial institution personnel, and other witnesses; (3) my review of other evidence obtained during the investigation. Since this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact I know regarding this investigation.

3.     This affidavit contains information necessary to support probable cause for a search warrant of a 2002 silver Mercedes Benz G500 Sports Utility Vehicle (SUV) bearing Maryland license plate number xxxxxxx, and registered vehicle identification number  xxxxxxxxxxxxxxxx (as described in Attachment A) demonstrating that the

registered owner of this vehicle, Reina E. Arevalo, is involved in an ongoing scheme to defraud financial institutions in violation of 18 U.S.C. § 1344 (bank fraud).

**II.     Background**

      4.     Title 18, United States Code, Section 1344, provides in pertinent part: Whoever, knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises has committed bank fraud, a felony under federal law.

**III     Details of Probable Cause for Search Warrant**

      5.     On February 28, 2008, the U.S.S.S. Metro Area Fraud Task Force assisted Hyattsville, Maryland, Police Department Detective James Denault, with execution of an arrest warrant for Lamont Xavier Smith and a search warrant on his residence located at xxxx xxth Avenue, Hyattsville, Maryland. The suspect used fraudulent information to obtain Chevy Chase Bank debit cards and pin numbers associated with bank cards. On February 25, 2008, Detective Denault was contacted by Deserie Comfort of Chevy Chase Bank Security Department. She reported that a male had requested replacement cards in the names of Umesh Agnihotri, Alfides Vasques, Manuel Hernandez, and Ana McCarthy. Between December 7, 2007, and February 23, 2008, all four accounts were compromised.

      6.     Detective Denault's investigation revealed that on December 3, 2007, suspect Smith called the Chevy Chase Bank's Customer Service Care Department and ordered a replacement debit card in the name of Umesh Agnihotri. Surveillance video recorded that Smith used the card to withdraw cash from four ATM's within Prince George's County, Maryland. On December 5, 2007, the account was used to purchase the following: Hyattsville 7-Eleven $1.98 charge; and two check cards purchased at the 7-Eleven in the amount of $2,010.95 and $764.99. On December 6, 2007, a withdrawal in the amount of $26.94 was made at the Burger King, located in Colmar, Manor, Maryland. Mr. Agnihotri advised Chevy Chase Bank that he did not make the purchases or withdrawals nor did he authorize the issuance or use of the card. The total loss on his account was $4,804.86.

7.      On December 7, 2007, suspect Smith called the Chevy Chase Bank's Customer Service Care Department and ordered a replacement debit card in the name of Alfides Vasquez. On December 12, 2007, he contacted the Customer Service Care Department and requested an increase on his withdrawal limit to $800. The following fraudulent transactions were identified on this account: On December 12, 2007, an ATM withdrawal in the amount of $800 was made at the Queens Chapel Road, Hyattsville, Maryland. A video surveillance camera recorded Smith making the transaction; on December 13, 2007, two ATM withdrawals were made at the Prince George's Plaza, xxxx Belcrest Road, Hyattsville, Maryland. At 12:05 a.m., $200 was withdrawn and at 12:06 a.m., $600 was withdrawn from the account; on December 14, 2007, two additional withdrawals were made at the ATM located at xxxx Hamilton Street, Hyattsville, Maryland, each in the amount of $400. A video surveillance camera again recorded Smith making these transactions.

Mr. Vasquez advised Chevy Chase Bank that he did not make the purchases or withdrawals, nor did he authorize the issuance or use of the card. The total loss on his account was $2,406.50.

8.      On January 8, 2008, an unidentified woman called the Chevy Chase Bank's Customer Service Care Department. She ordered a replacement debit card in the name of Ana McCarthy and requested the card be delivered to xxxx xx$^{th}$ Avenue, Hyattsville, Maryland. On January 15, 2008, a woman contacted the Customer Service Care Department and requested an increase on her withdrawal limit to $800. The following fraudulent transactions were identified on this account: on January 15, 2008, two ATM withdrawals were made at xxxx Hamilton Road, Hyattsville, Maryland, each in the amount of $400; on January 17, 2008, four ATM withdrawals were made at the Adams Morgan Bank of America location in Washington, D.C. At 12:01 a.m., $280; at 12:02 a.m., $ 280; at 12:03 a.m., $ 200.00; and at 12:05 a.m., $30.00;

On January 18, 2008, two ATM withdrawals in the amount of $400 and $80 were made at the White Flint Mall, Bethesda, Maryland.  Ms. McCarthy advised Chevy Chase Bank that she did not make these purchases or withdrawals, nor did she authorize the issuance or use of the card. The total loss on her account was $2,085.50.

9.	On February 23, 2008, a male called the Chevy Chase Bank's Customer Service Care Department and ordered a replacement debit card in the name of Manuel Hernandez. Chevy Chase Bank Investigator, Desiree Comfort, informed Detective Denault that a male individual contacted the bank requesting delivery of Manuel Hernandez's bank card to xxxx xx$^{th}$ Avenue, Hyattsville, Maryland. On February 26, 2008, Denault observed a white FEDEX truck deliver the controlled debit card to the address. He identified Smith as the individual in the bank surveillance recordings and observed him driving a silver Mercedes Benz G500, Maryland license registration number xxxxxxxx.

10.	The search warrant yielded many investigative leads including (1) credit cards belonging to Julio Cruz, Gloria Cruz, Mohammed Pourrabi, Mayflower Cab Company, Ana McCarthy, Xue H. Chen Sr., Kosmos Inc., and Manuell Fernandez, (2) checking account information belonging to Aisha A. Abdelraoof, AntonioValdez, and Gary Gordon, (3) sales information with the identity, social security numbers, dates of birth, and home addresses of customers from United Cars of Arlington, Virginia, the Mobile Solution xxxx East West Highway, Hyattsville, Maryland, and the medical offices of Doctors Vali Asha and Kewalk Sharma, xxxx Georgia Avenue, Silver Spring, Maryland, and (4) 13 Internal Revenue Service W-2's and 12 I.R.S.1040 forms belong to individuals in the states of New York and New Jersey. Additionally, we found Reina Arevalo's personal information, place of residence, mail, and a Maryland Certificate of Title for a 2002 Mercedes Benz Sports Utility Vehicle purchased on January 10, 2008, by Arevalo. During the search, Arevalo was identified by Smith's mother and brother as his "girlfriend."

11.	For over four weeks now, I have been conducting a bank fraud investigation in the Metropolitan Washington, D.C. area on this case. My investigation has revealed that Smith no longer resides at xxxx xx$^{th}$ Avenue, Hyattsville, Maryland. He was notified by his mother that Prince George's County Court issued an arrest warrant for his arrest. On March 31, 2008, I observed Smith and Arevalo leaving xxxx xx$^{th}$ and driving a silver Mercedes G500, Maryland license registration number xxxxxxxx. The pair returned to the home one hour later. Arevalo is known to reside at this address with her birth family.

12.     All identified victims thus far have been associated with information found in the home of Smith. Information culled from these victims and bank investigators from Bank of America, Chevy Chase Bank, Chase Bank, and Apple Federal Credit Union, led me to identify Reina E. Arevalo, a resident of xxxx xx$^{th}$ as a suspect. Arevalo, and co-conspirator Smith, have been opening credit accounts using the victims' social security numbers, names, and dates of birth without their knowledge or permission. From November 2007 to March 2008, accounts were fraudulently accessed by the suspects. Generally, the suspect would contact the bank, change the home and contact information to fraudulent telephone numbers and their home address. They would then request new credit cards to be mailed to the new residence located at xxxx xx$^{th}$ Avenue, Hyattsville, Maryland, and xxxx xx$^{th}$ Street, NW, Washington, D.C.

13.     On March 5, 2008, I spoke to Apple Federal Credit Union bank investigator, Phil Hannum. He confirmed that Arevalo with a social security number xxx-xx-xxxx, residing at xxxx xx$^{th}$, D.C. driver's license # xxxxxxxx, opened a bank account with $5 and applied for a car loan in the amount of $30,600. Arevalo used this loan along with a cash deposit in the amount of $9,000 to purchase the 2002 Mercedes Benz G500. An initial payment was made on March 3, 2008, with Bank of America account number xxxxxxxxxxxx and routing number xxxxxxxxxxx in the amount of $610.82.

14.     On March 27, 2008, Chase Bank Card Regional Investigator Dyan Henn, e-mailed this office a spreadsheet with information on the accounts of Julio and Gloria Cruz, Mohammad H. Pourrabi, and Xue H. Chen Sr. She identified these individuals as victims whose home addresses were changed to xxxx xx$^{th}$ Avenue, Hyattsville, Maryland, and new credit cards were mailed to this address. To date, a total loss of $61,739.61 has been identified by Chase Bank associated with the illegal use of credit by the suspects.

15.     Furthermore, Ms. Henn identified internet applications submitted by Lamont Smith, Mohammed Pourrabi, Johnathan R. Smith, Manuell Hernandez, Jose L Cruz, and Reina Arevalo with similar account information retained by the institution's on-line applications. The following information was used on all the accounts: business telephone number (xxx-xxx-xxx); home telephone number (xxx-xxx-xxxx); e-mail address ([arevaloreina@aol.com](arevaloreina@aol.com)); and IP address (208.59.124.13). Due to the banks on-

going investigation, all the accounts were declined.

16.   On March 28, 2008, Bank of America Security Account Manager Marcia Rasmussen, faxed this office information pertaining to the accounts held by Mohammed Pourrabi. Mr. Pourrabi has three current accounts, all of which have been compromised. The following is a breakdown of the losses provided by Bank of America with respect to Mr. Pourrabi's accounts: Azin Corporation $12,213.82; Mayflower Cab Company $823.15; and Business Card $3,608. Mr. Pourrabi advised Bank of America that he did not make these purchases or withdrawals, nor did he authorize the issuance or use of the card. The total loss on his account was $16,645.91. Furthermore, all three accounts had a change of address to the residence of Smith at xxxx xx[th] Avenue, Hyattsville.

17.   On April 1, 2008, I spoke to Deserie Comfort from Chevy Chase Bank. She disclosed that on March 21, 2008, bank security received an affidavit from Haimanot Gedamu (account number xxx-xxxxx-x/card number xxxx xxxx xxxx xxxx) claiming four unauthorized ATM withdrawals and eight unauthorized check card transactions totaling $2,271.13 had been made from his account. An internal bank investigation revealed that on March 10, 2008, someone purporting to be the customer called the Customer Contact Center and ordered a replacement card for the account. The replacement card was requested to be sent to a new address located on xxxx xx[th] Street, NW, Washington, D.C. 20011. The bank identified four ATM withdrawals and eight check card purchases fraudulently made by suspect Smith. On March 12, 2008, two ATM withdrawals posted to the account in the amount of $603 and $403. Surveillance footage taken from the Kenyon Square, Washington, D.C., location identified Smith. On March 13, 2008, two more ATM withdrawals posted in the amount of $603 and $403. Surveillance footage taken from the Kenyon Square, Washington, D.C., location identified an unknown suspect. Additionally, the following check card transactions were posted on the account:

| Date/Time | Location | Amount |
|---|---|---|
| 03/12/08 at 7:17 p.m. | Ledo Pizza in Washington D.C. | $17.26 |
| 03/12/08 at 10:34 a.m. | Exxon Mobile Store # 47 in Washington D.C. | $75.00 |
| 03/12/08 at 9:37 p.m. | Exxon Mobile Store # 4 in Hyattsville, MD | $48.88 |
| 03/12/08 at 6:27 p.m. | Old Navy Store # 6119 in Wheaton, MD | $62.50 |
| 03/13/08 at 7:52 a.m. | McDonalds Store # F695 in Washington D.C | $10.52 |

03/13/08 at 7:54 a.m.  McDonalds Store # F695 in Washington D.C.         $3.62

03/13/08 at 10:04 a.m. Exxon Mobile Store # 47 in Washington D.C.         $38.01

03/13/08 at 7:30 a.m.  Exxon Mobile Store # 47 in Washington D.C.         $3.34

Mr. Haimanot Gedamu advised Chevy Chase Bank that he did not make these purchases or withdrawals, nor did he authorize the issuance or use of the card. The total loss on his account was $2,271.13.

**V.**     **Request for Search Warrant**

18.    Based upon what I have witnessed in this particular investigation and my experience investigating bank fraud, it is common for suspects to store the evidence, fruits and/or instrumentalities of their crimes within their vehicle.  Therefore, I respectfully submit that there is probable cause to believe that evidence, fruits and/or instrumentalities of Bank fraud, in violation of 18 U.S.C. § 1344, will be found in Arevalo's 2002 silver Mercedes Benz G500 SUV bearing Maryland license plate number xxxxxx, and registered vehicle identification number of xxxxxxxxxxxxxxx.


                                                            Pedro Tavares
                                                            Special Agent
                                                            United States Secret Service



Sworn to and subscribed before me this _____ day of April, 2008



_____

United States Magistrate Judge
District of Columbia

## ATTACHMENT A

### VEHICLE TO BE SEARCHED

The vehicle to be searched is a 2002 silver Mercedes Benz G500 SUV bearing Maryland license plate number xxxxxxxx, and registered vehicle identification number of xxxxxxxxxxxxxxxxx.

## ATTACHMENT B

## ITEMS TO BE SEARCHED AND SEIZED

Evidence and proceeds relating to identity theft including, but not limited to, the following:

RECORDS/DOCUMENTS/MATERIALS

A) Search the vehicle and any persons found therein for any evidence relating to identity theft as described in this application and seize any assets related to credit card fraud and identity theft, and;

B) Search and seize records, documents, and materials containing information of past and present criminal activity relating to the aforementioned criminal activity. The terms "records," "documents," and "materials" includes records in all forms, such as those on paper, in any photographic form, in any mechanical form including, but not limited to, any handmade form (such as writing, drawing, painting, with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); any mechanical form (such as tape recordings, cassettes, as well as printouts or readouts from any magnetic storage device), and any form that is stored in electronic or magnetic form on hard drives, compact disks, zip disks, magnetic tapes or floppy disks, and;

C) Seize any applications for credit, check cashing privileges, supermarket cards or similar applications not in the lawful possession of the occupant, and;

D) Seize any financial instrument such as checks, money orders, wire transfers, credit cards, or other similar devices not lawfully in the possession of the occupant, and;

E) Seize any documents belonging to or relating to any bank or credit card company, their customers, their vendors, or similar suppliers of bank property, and;

F) Search and seize any ledgers, books, records, correspondence, applications, facsimile transmissions, notes or receipts relating to expenditures to include the acquisition, conversion, movement, transfer, and disbursement of monies, funds, and financial instruments.

G) Search and seize bank statements, deposit slips, canceled checks and related records, credit cards, gift cards, money drafts, letters of credit, wire transfers, money orders and cashier's checks and receipts, treasurer's checks, bills of sale, installment contracts, real estate records, passbooks, bank checks, safe deposit

        box contracts and keys, money wrappers, and any other items evidencing the obtaining, secreting, transferring, concealment, and/or expenditure of illegal proceeds.

H) Search and seize addresses and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and fax numbers of financial institutions, and other individuals or businesses with whom a financial relationship exists.

I) Search indices of occupancy, residency, rental and/or ownership of the premises to be searched, included, but not limited to, utility, land, telephone records, mortgages, deeds and lien records, purchase or lease agreements, canceled mail, canceled envelopes and keys.

J) Seize receipts from United States Postal Service and/or next day carrier services documenting intra/interstate sending and receiving of documents, checks, and mailings.

K) Seize any and all fruits, instrumentalities, and evidence of crimes related to identity theft, to include but not limited to any and all identification documents and/or records.

L) Seize any items purchased with a credit card not lawfully in the possession of the occupant to include, but not limited to, electronics, cellular telephones, and gift cards.

M) Open and search any safes, boxes, bags, compartments, closets or things in the nature thereof, locked or otherwise, found in or upon said premises, and;

N) Seize all computers, monitors, keyboards, printers, cables, modems, software, hardware, instruction manuals, password documents, encryption and password codes and other computer equipment and accessories, and their stored information, and to remove said computer equipment from its location for a thorough examination at a controlled site when a search warrant is obtained, and;

O) Seize, open, and search all evidence, namely: mail, records, receipts, notes, ledgers, and other papers relating to financial crime and hidden assets, to include: bank statements, checks, checkbooks, deposit slips, money drafts, letters of credit, wire transfers, money orders, cashiers checks, pass books birth certificates and any other forms of identification, and any other items evidencing the secreting, transfer, concealment and expenditure of money;

P) Seize Social Security Administration documents, including Social Security Cards

        and/or applications for Social Security Cards that appear to be related to individuals other then the residents, and;

Q) Seize all cell phones, pagers, telephone records and bills that might evidence phone calls to and from co-conspirators banks/victims, and seize any of these records that might be pertinent to this investigation, and;

R) Examine all telephone books, both personal and commercially printed, particularly if the books are marked in any fashion which suggests that calls were made to associates, and seize any such books that appear to be pertinent to this investigation, and;

S) Seize any receipts or other documents of any sort that appear to be related to the initial purchase, subsequent trade or resale of any stocks, bonds, mutual funds, annuities, insurance policies and/or goods unlawfully purchased with monies obtained via this fraudulent scheme, and;

T) Examine any fax machines, caller ID terminals, pagers, printers, scanners, embossing machines, encoding machines, typewriters, manual or electronic equipment or components, i.e. Personal Computers, used to print and store information, and seize any such items that appear to be pertinent to this investigation, and;

U) Seize travel records, including but not limited to, passports, visas, airline tickets, boarding passes, and airline ticket receipts, and;

V) Seize United States currency in large denominations, and;

W) Seize photographs that are pertinent to this investigation.